UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PERSONHOOD MISSISSIPPI, on its own
behalf and on behalf of its members, and P.
LESLIE RILEY, JR., sponsor of Initiative
No. 26                                                                                             PLAINTIFFS

VS.                                                        CIVIL ACTION NO. 3:10cv71-DPJ-FKB

JIM HOOD, in his official capacity as
Attorney General for the State of
Mississippi; and DELBERT HOSEMANN,
in his official capacity as Secretary of State
for the State of Mississippi                                                                  DEFENDANTS

## ORDER

This cause is before the Court on motion of Plaintiffs Personhood Mississippi and P. Leslie Riley, Jr., for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 [3]. Defendants Jim Hood and Delbert Hosemann have responded in opposition. Plaintiffs filed their reply, and the motion is now ripe for consideration.

I.      Facts/Procedural History

Plaintiffs are proponents of a ballot initiative to amend the Mississippi Constitution. In November 2008, Plaintiffs filed a proposed initiative with Defendant Hosemann, the Mississippi Secretary of State. The initiative was processed pursuant to Mississippi law, and in February 2009, the Secretary informed Plaintiff Riley that the petition would be valid, again pursuant to statute, for a period of twelve months, ending February 13, 2010. They were further informed that, pursuant to statute, the signatures must be certified by the appropriate circuit clerks prior to the February 13 deadline. Plaintiffs then began a one-year effort to gather the requisite number of signatures.

With the February 13, 2010 deadline only eight business days away, Plaintiffs filed this suit in federal court seeking declaratory and injunctive relief precluding the State from requiring circuit clerk certification by the February 13, 2010 deadline. They contend that such a requirement misinterprets the Mississippi Constitution and the Mississippi Voter Initiative Act, Miss. Code Ann. §§ 23-17-1 *et seq*., and reduces the amount of time to collect signatures, thereby violating the Mississippi Constitution and the First and Fourteenth Amendments to the United States Constitution.

On the day Plaintiffs filed suit, attorneys for the parties appeared in chambers to discuss Plaintiffs' concomitant motion for preliminary injunction. The parties agreed that the issues could be decided without evidentiary hearing and waived argument. The State filed an expedited response Friday, February 5, 2010. Plaintiffs filed their reply the evening of Monday, February 8, raising a new argument that the Voter Initiative Act is unconstitutional for lack of a deadline for circuit clerks to certify the signatures.

II.     Standard

A preliminary injunction is an extraordinary remedy that should only issue if the movant establishes:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Speaks v. Kruse,* 445 F.3d 396, 399-400 (5th Cir. 2006) (citation omitted).

III.    Analysis

Plaintiffs claim that the Voter Initiative Act, as construed, violates their First Amendment rights as incorporated under the Fourteenth Amendment. They also contest the State's interpretation of the Mississippi Constitution and the Voter Initiative Act. Paragraph One of the Complaint explains:

> This is a civil action brought pursuant to 42 U.S.C. § 1983 that challenges the construction and interpretation by the State of Mississippi, by and through its duly elected officials, of certain deadlines in the Voter Initiative Act, Miss. Code Ann. §§ 23-17-1, et seq. ("the Act").

Section 273(3) of the Mississippi Constitution states: "The people reserve unto themselves the power to propose and enact constitutional amendments by initiative. An initiative to amend the Constitution may be proposed by a petition signed over a twelve-month period . . . ." While the overall scheme for proposing and enacting amendments via initiative is set out in Section 273, that Section also provides that "[t]he Legislature shall provide by law the manner in which initiative petitions shall be circulated, presented and certified." Miss. Const. art. 15, § 273(12). Similarly, Section 273 states in closing that "[t]he Legislature may enact laws to carry out the provisions of this section but shall in no way restrict or impair the provisions of this section or the powers herein reserved to the people." *Id.* art. 15, § 273(13).

Pursuant to Section 273, the Mississippi legislature has enacted various provisions for regulating a voter initiative. In particular, Mississippi Code Annotated Section 23-17-3 states:

> The petition for a proposed initiative measure must be filed with the Secretary of State not less than ninety (90) days before the first day of the regular session of the Legislature at which it is to be submitted. A petition is valid for a period of twelve (12) months.

3

Section 23-17-21 then provides in pertinent part:

> *Before a person may file a petition* with the Secretary of State, the petition must be certified by the circuit clerk of each county in which the petition was circulated. The circuit clerk shall certify the signatures of qualified electors of that county and shall state the total number of qualified electors signing the petition in that county. The circuit clerk shall verify the name of each qualified elector signing on each petition. . . . When the person proposing any initiative measure has secured upon the petition a number of signatures of qualified electors equal to or exceeding the minimum number required by Section 273(3) of the Mississippi Constitution of 1890 for the proposed measure, and such signatures have been certified by the circuit clerks of the various counties, he may submit the petition to the Secretary of State for filing.

(Emphasis added). The Attorney General of Mississippi has interpreted these provisions as requiring certification by the circuit clerks within the twelve-month period provided in Section 273(3) of the Mississippi Constitution and Section 23-17-3 of the Mississippi Code. *See Honorable Dick Hall*, No. 96-0433, 1996 WL 437464, at *1 (Miss. Att'y Gen. July 26, 1996). Plaintiffs dispute this interpretation, and the courts of Mississippi have never addressed it.

### A. Eleventh Amendment Immunity

Plaintiffs spend considerable time arguing that Mississippi has misinterpreted its own constitution and laws. However, the Eleventh Amendment presents a barrier to declaratory or injunctive relief that would dictate a different interpretation. As stated in *Pennhurst State School & Hospital v. Halderman*,

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

465 U.S. 89, 106 (1984); *Earles v. State Bd. of Certified Publ. Accountants of La.*, 139 F.3d 1033, 1039 (5th Cir. 1998) (citing *Pennhurst*). A federal court cannot instruct a State on what

4

state law requires, thereby requiring the State to abide by the court's interpretation of state law. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 106. When, as in this case, only state officials have been sued, the suit is barred if "the [S]tate is the real, substantial party in interest." *Id.* at 101 (citations omitted). Such is the case today. Accordingly, to the extent state law claims are implicated, they are barred by the Eleventh Amendment.

This does not, however, end the discussion, because Plaintiffs also claim violation of their First and Fourteenth Amendment rights to free speech under the United States Constitution. Plaintiffs therefore premise jurisdiction on 42 U.S.C. § 1983 and seek declaratory and injunctive relief against the Attorney General and Secretary of State in their official capacities. Section 1983 offers a valid jurisdictional hook, but Plaintiffs must first clear an abstention hurdle.[1]

B.   *Pullman* Abstention

Defendants contend that abstention under *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941), is appropriate because resolution of the dispute over the interpretation of Mississippi law could moot the federal constitutional issues. "Federal court abstention is required when state law is uncertain and a state court's clarification of state law might make a federal court's constitutional ruling unnecessary." *Gomez v. Dretke*, 422 F.3d 264, 268 (5th Cir. 2005) (citing Erwin Chemerinsky, Federal Jurisdiction § 12.2.1, at 763 (4th ed. 2003)). The Fifth Circuit has described the test as follows:

---

[1]   Section 1983 states in relevant part as follows:

Every person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

5

> [F]or *Pullman* abstention to be appropriate . . . it must involve (1) a federal constitutional challenge to state action and (2) an unclear issue of state law that, if resolved, would make it unnecessary for us to rule on the federal constitutional question.

*Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 653 (5th Cir. 2002). In other words, "[g]enerally, *Pullman* abstention is appropriate only when there is an issue of uncertain state law that is fairly subject to an interpretation [by a state court] which will render unnecessary or substantially modify the federal constitutional question." *Baran v. Port of Beaumont Navigation Dist.*, 57 F.3d 436, 442 (5th Cir. 1995), *cited in Moore v. Hosemann*, -- F.3d --, Nos. 09-60272, 09-60424, 2009 WL 4881559, at *1 (5th Cir. Dec. 18, 2009) (holding that candidate's challenge to filing deadline "like many election disputes, is based on an interpretation of uncertain state law, which should be resolved at the state level before we consider wading into a constitutional thicket"). The first prong of the test is not disputed, so the Court focuses on the second.

To begin, there is an unclear issue of state law–whether requiring circuit court certification within the twelve-month period misinterprets the Voter Initiative Act and violates Section 273(3) of the Mississippi Constitution. Plaintiffs suggest in their Reply that the "government's interpretation of the law is settled," making abstention inappropriate. Pl.'s Reply at 17. They base this on the disputed Attorney General opinion. However, no Mississippi Court has ever reviewed the issue, and Plaintiffs themselves have launched a substantial attack on the State's interpretation, arguing that it misconstrues the statute and violates the Mississippi Constitution. *See* Compl. ¶¶ 1, 2, 3, 4, 31, 39, 40, 41, 50, 51, 53, 58; Pl.'s Mem. at 2 ("Plaintiffs suggest that according to the plain language of the constitution and the statutes, properly

6

construed, they need only *collect* the signatures on or before February 13, but not have them *certified* and *filed* by that date."); Pl.'s Reply at 3, 4 n.3, 6, 7, 16 n.11.[2]

It appears instead that the issue is open and "fairly subject to" both parties' interpretation. Plaintiffs at least make a plausible argument that requiring certification within the twelve-month period would abridge their right to obtain signatures over the full twelve-month period guaranteed in Section 273(3) of the Mississippi Constitution. While the Mississippi Constitution grants the legislature authority to "enact laws to carry out the provisions of this section," those laws "shall in no way restrict or impair the provisions of this section [273] or the powers herein reserved to the people." Miss. Const. art. 15, § 273(13). Thus, there is a question whether the Voter Initiative Act violates the Mississippi Constitution. Plaintiffs also dispute the interpretation of the statute itself.[3]

Finally, this question of Mississippi law is "fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question." *Baran*, 57 F.3d at 442. If a state court adopts Plaintiffs' interpretation, then there would be no need to address the First Amendment issues. Plaintiffs contend that the requirement of certifying signatures within the twelve-month period violates their First Amendment rights in two ways. First, they contend that it narrows the amount of time within which to obtain signatures and therefore constitutes an unconstitutional restriction of their speech. Second, they claim that there is no

---

[2]Plaintiffs could raise the federal claims in state court as well. *See Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 778 n.4 (5th Cir. 1984) ("It is unquestioned that [Plaintiffs'] § 1983 claim can be advanced in a state court suit, as state courts exercise concurrent jurisdiction with federal courts.").

[3]Nothing in this opinion should be viewed as an indication that one interpretation surpasses the other.

deadline for certification and the State's interpretation therefore gives circuit clerks the ability to deny speech by withholding certification until the deadline has passed. However, Plaintiffs represent that these constitutional concerns would be resolved if certification occurred after the twelve-month period expired. *See* Pl.'s Reply at 16 n.11. Accordingly, were Plaintiffs to prevail upon a state court to adopt their interpretation, it would "render unnecessary or substantially modify the federal constitutional question." *Baran*, 57 F.3d at 442.

This is much like the issue addressed in *Moore*, where Defendant Hosemann, acting in his capacity as Secretary of State, rejected a presidential candidate's filing papers because they were left at the Secretary's office after office hours. The candidate claimed that Hosemann had no authority under Mississippi law to reject submissions received after 5:00 p.m. on the final day to file and that Hosemann's actions violated the candidate's First Amendment rights. The Fifth Circuit observed that "the existence of a federal constitutional question is entirely contingent on an unresolved interpretation of Mississippi law." *Moore*, 2009 WL 4881559, at *4. The court then held that abstention was appropriate because "an authoritative answer from the Mississippi courts in the Secretary's favor would also dispose of any federal constitutional question." *Id*. In this case, an authoritative answer in Plaintiffs' favor would dispose of or "substantially modify the federal constitutional question." *Id.* (citing *Baran,* 57 F.3d at 442).

Finally, Plaintiffs suggest that justice delayed is justice denied. Pl.'s Reply at 18. Whether to abstain under *Pullman* requires a consideration of the totality of the circumstances. *Baran,* 57 F.3d at 442. In the present case, the motion comes past the proverbial eleventh hour. Plaintiffs were informed nearly a year ago of the February 13 deadline and yet waited until eight business days before the deadline to file suit challenging the State's interpretation of its laws.

8

Time remains to take the matter to state court, and while short, it is not much shorter than when this suit was filed. The Court acted expeditiously and ruled less than 24 hours after final briefing. If the pending deadline causes prejudice, it results from Plaintiffs' delay. Nevertheless, it is not apparent that the February 13 deadline necessarily dictates a deadline for this Court or a state court to resolve the legal questions. Plaintiffs have indicated that they continue to collect signatures and seek circuit court certification. They will no doubt continue those efforts through the deadline. If a state court agrees that certification can occur after February 13 as Plaintiffs contend, then the signatures will have been collected, and time would exist to craft a judicial remedy. This is especially true in light of Plaintiff's contention that, when correctly interpreted, Mississippi law would require filing of the petition 90 days before the start of the next legislative session, or October 1, 2010. Pl.'s Reply at 2.

Looking at the claims themselves, there is no doubt Plaintiffs raised federal questions, but their disagreement with the Attorney General's opinion on the Voter Initiative Act rests at the heart of this dispute. This is clear from the very first paragraph of the Complaint in which Plaintiffs claim that they "challenge[] the construction and interpretation by the State of Mississippi" as to the Voter Initiative Act. Compl. ¶ 1. That dispute must be decided by a state court. The Court also notes that the federal constitutional issues in this matter are complex. While many of the issues raised in Plaintiffs' initial memorandum have been addressed by federal courts, Plaintiffs raised new issues in their Reply for which there does not appear to be any clear guidance. The Court is reluctant to wade into those constitutional thickets when resolution of the state statutory and constitutional issues would render that exercise unnecessary. *See Moore*, 2009 WL 4881559, at *1.

IV.     Conclusion

For these reasons, the Court abstains and finds that Plaintiffs have not met their burden under Rule 65 at this time. Plaintiffs' motion for a preliminary injunction is denied. As the Court has decided to abstain, this case is stayed until such time as Plaintiffs file a motion to lift the stay, indicating therein that the Mississippi courts have resolved the state law issue.

**SO ORDERED** this the 9th day of February, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE